UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MODIBO DOUMBIA,<br><br>                                   Petitioner,<br><br>– against –<br><br>NEW YORK STATE DEPARTMENT OF CIVIL SERVICES,<br><br>                                   Respondent. | **OPINION AND ORDER**<br><br>11-cv-7677 (ER) (DF) |

RAMOS, D.J.:

Modibo Doumbia ("Doumbia" or "Petitioner") brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Doc. 1. On April 2, 2012, the Honorable Paul A. Engelmayer, to whom this case was originally assigned, referred the Petition to Magistrate Judge Debra C. Freeman for a Report and Recommendation ("R & R").[1] Doc. 3. On May 22, 2015, Judge Freeman issued the R & R, recommending that the Petition be denied and notifying Doumbia that he had fourteen days from service of the Report and Recommendation to file written objections. Doc. 9. For the reasons stated herein, the Court ADOPTS the R & R and directs the entry of judgment as recommended.

**I.   Background**

On April 30, 2009, Petitioner was convicted by a state court jury of second-degree assault against his wife, Nussira Traore ("Traore"). R & R, Doc. 9 at 13. Doumbia bases his Petition on

---

[1] On July 17, 2013 this case was reassigned to this Court.

the introduction of evidence at trial which he argues violated the trial court's *Sandoval* ruling.[2] *Id*. at 1.

During Petitioner's *Sandoval* hearing, the court considered whether the prosecution should be permitted to introduce evidence relating to Petitioner's prior arrest in 2005. *Id*. at 8. The 2005 arrest arose from an incident during which, according to Traore, Petitioner beat her with a broomstick. *Id*. at 6. The court ruled that, if Petitioner testified at trial that he had "never assaulted" Traore, then he would "open the door" to the introduction of evidence related to the 2005 incident. *Id*. at 9.

At trial, Petitioner indeed testified that he had "never" hit Traore. *Id*. at 10. The court then allowed the prosecutor to question Petitioner about the 2005 incident. *Id*. It also permitted the prosecutor to call Traore back as a rebuttal witness, ruling that she could testify that Petitioner "hit her in 2005." *Id*. Traore testified and the court gave the jury a limiting instruction, advising it that the court allowed testimony regarding the 2005 incident to help the jury evaluate Petitioner's credibility, not his propensity to commit the crimes charged. *Id*. at 11. The prosecution referenced the 2005 incident again in its summation. *Id*. at 12. The court responded with a limiting instruction, which it repeated again upon charging the jury at the close of the trial. *Id*. The jury convicted Petitioner of second-degree assault and acquitted him of two charges of endangering the welfare of a child. *Id*. at 13. The court sentenced Petitioner to a term of imprisonment of two years, to be followed by one-and-a-half years of supervised release. *Id*.

Petitioner appealed his conviction to the Appellate Division, First Department based on the insufficiency of evidence and the prosecution's inquiry into the 2005 incident. *Id*. On July 1,

---

[2] Under *People v. Sandoval*, 34 N.Y.2d 371, 374, 314 N.E.2d 413 (1974), the trial court may "make an advance ruling as to the use by the prosecutor of prior convictions or proof of the prior commission of specific criminal, vicious or immoral acts for the purpose of impeaching a defendant's credibility."

2010, the Appellate Division unanimously affirmed Petitioner's conviction. *Id*. at 14 (citing *People v. Doumbia*, 75 A.D.3d 422, 903 N.Y.S.2d 231, 232 (2010)). On September 26, 2011, Petitioner also filed a Section 440.10 motion with the trial court, seeking an order to set aside the judgment against him due to the ineffective assistance of counsel and the violation of his right to a fair trial following the prosecutor's disregard of the court's *Sandoval* ruling. *Id*. at 15. Once again, on October 18, 2011, the trial court denied Petitioner's motion. *Id*. at 16.

On October 28, 2011, Plaintiff filed the instant action, arguing that the trial court's pretrial *Sandoval* ruling resulted in a trial that was so unfair that he was deprived of his constitutional right to due process. *Id*. at 18; *see also* Doc. 1. Additionally, on December 14, 2011, Petitioner sought leave from the Appellate Division to appeal the denial of his Section 440.10 motion, which was denied. *Id*. at 17-18.

On May 22, 2015, Judge Freeman issued her R & R, recommending that the Petition be dismissed and that the Court decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A). *Id*. at 37. Specifically, Judge Freeman found that Petitioner's due process claim is procedurally barred and that he has not shown "cause" for his failure to exhaust the claim, nor prejudice resulting from the default. *Id*. at 29 (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Judge Freeman also determined that Petitioner's claim is without merit as he is unable to demonstrate that either the prosecutor's or the court's conduct was so egregious as to render his trial "fundamentally unfair." *Id*. at 30 (citing *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir. 1990)). Furthermore, Judge Freeman noted that the record did not reflect any prosecutorial misconduct or evidentiary error. *Id*. at 31, 32-33. "[T]he rulings at issue related to the question of whether evidence of a single, prior violent act by Petitioner—evidence which the trial court correctly ruled could not be used to show that Petitioner has a propensity to commit

3

such acts . . . was nonetheless appropriately admitted for the purposes of challenging Petitioner's credibility." *Id*. at 33.

Judge Freeman advised the parties that they had fourteen days from service of the R & R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  The R & R expressly called Petitioner's attention to Rule 72(b) of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1).  Neither the Plaintiff, nor the Defendant filed objections.  They have therefore waived their right to object to the R&R.  *See Dow Jones & Co. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir.2008)).

## II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (internal citation omitted).  The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the

same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III. Conclusion

No party has objected to the R & R. The Court has reviewed Judge Freeman's thorough R&R and finds no error, clear or otherwise. Judge Freeman reached her determination after a careful review of the parties' submissions. Accordingly, Magistrate Judge Freeman's R & R dated May 22, 2015, is ADOPTED in its entirety and Doumbia's petition for the writ of habeas corpus is DENIED. The Clerk of Court is directed to enter a judgment in favor of Respondent and to close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, the parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997)).

It is SO ORDERED.

Dated:   June 9, 2015
         New York, New York

_____
Edgardo Ramos, U.S.D.J.